UNITED STATES DISTRICT COURT DISTRICT OF NEBRASKA

Judie Brandy,  Individually,

        Plaintiff,

v.                                                                                          Case No.

Speedee Mart Shell, Danco Valentine S, LLC
 and, JOHN DOE 1 and 2 Inclusive,

        Defendants.
_____/

## COMPLAINT
(Injunctive Relief Demanded)

1.    Plaintiff, individually, sues the Defendants for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

2.    Plaintiff is informed and believes and thereon alleges that each of the named defendants herein operates a business and or/facility of public accommodation as defined and described within 42 USC 12181(7)(B) and (L) of the American with Disabilities Act [ADA] and as such must comply with the ADA under provisions of Title III therein.

3.    Plaintiff is a Nebraska resident who lives in Douglas County, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Plaintiff is a 62 year old female who is disabled and has limited mobility when walking and standing, uses a cane as a mobility device, and is on Social Security Disability. Plaintiff's disability substantially limits one or more of life's major activities and therefore she is disabled as defined under 42 USC 12102.

4.    Plaintiff is ignorant of the defendants sued as Does 1-2 herein, and therefore sues them in their fictitious names as Doe defendants. Plaintiff is informed and believes and thereon alleges that Does 1-2 are the owners, operators, lessees or tenants of the subject property and each of the Doe defendants at all times herein was acting as the agent and or representative of each other and thereby are responsible in some manner for the injuries and damages complained of herein. Plaintiff will seek leave of court to amend this complaint to name Doe defendants when the same is ascertained.

5. Speedee Mart Shell, Danco Valentine S, LLC and at all times herein mentioned were a duly organized business, association, or corporation duly authorized to exist and operate within the State of Nebraska and County of Douglas and/or the owner, lessee, or tenant of the premises located at 8724 North 30th Street, Omaha, NE 68112.

6. Defendant, Danco Valentine, LLC owns the building holding the address listed herein.

7. Venue is properly located in the DISTRICT OF NEBRASKA because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

8. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

9. On or about January 20, 2016, Plaintiff attempted to enter the premises of the defendant Speedee Mart Shell to utilize goods and/or services offered by defendants. When Plaintiff attempted to enter the commercial buildings she had difficulty entering and using the facility because it failed to comply with federal ADA Access Guidelines For Building and Facilities [hereinafter "ADAAG"]. The specific difficulties Plaintiff had in entering and utilizing Defendants' facility and which amount to a violations of ADAAG include but are not limited to the following:

   a. Designated Disabled "VAN ACCESSIBLE" Parking- Space (ADAAG 4.1.2(5)(b))
   b. Designated Disabled "VAN ACCESSIBLE" Parking Space- Width (ADAAG 4.1.2(5)(b))
   c. Designated Disabled "VAN ACCESSIBLE" Parking Space- Length (ADAAG 4.1.2(5)(b))
   d. Designated Disabled "VAN ACCESSIBLE" Parking Space- Signage (ADAAG 4.1.2(5)(b))

10. Plaintiff has visited the property which forms the basis of this lawsuit and plans to return to the property to avail herself of the services offered to the public at the property, and to determine whether the property has been made ADA compliant. The Plaintiff has encountered barriers at the subject property which discriminate against her on the basis of her disability and have endangered her safety and are contrary to, amongst other things,

the ADAAG.

11. These barriers also prevent Plaintiff from returning to the property to enjoy the goods and services available to the public.

12. Based upon the above facts, Plaintiff has been discriminated against and will continue to be discriminated against unless and until Defendants are enjoined and forced to cease and desist from continuing to discriminate against Plaintiff and others similarly situated.

13. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendants are compelled to comply with the requirements of the ADA.

14. Plaintiff is deterred from, and is denied the opportunity to participate and benefit from the services, privileges, advantages, facilities and accommodations at Defendants' property equal to that afforded to other individuals.

15. Plaintiff is aware that it would be a futile gesture to attempt to visit Defendants' property if she wishes to do so free of discrimination.

16. Pursuant to the American with Disabilities Act (ADA), under the Defendants are required to remove barriers to their existing facilities. Defendants have been put on notice pursuant to the ADA prior to the statutory effect of the ADA on January 26, 1992 that Defendants and each of them had a duty to remove barriers to persons with disabilities such as plaintiff. Defendants also knew or should have known that individuals such as plaintiff with a disability are not required to give notice to a governmental agency prior to filing suit alleging Defendants' failure to remove architectural barriers.

17. Defendants' own, lease, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Speedee Mart Shell., located 8724 North 30th Omaha, Ne 68112.

18. Defendants are responsible for complying with the obligations of the ADA. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 12 of this Complaint.

19. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit Speedee

Mart Shell, not only to avail herself of the services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

20. The Defendants discriminated against the Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 et seq.

21. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA and by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Speedee Mart Shell., has shown that violations exist, as outlined herein.

22. The discriminatory violations described herein are not an exclusive list of the Defendants' ADA violations. Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

23. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.

24. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage, without the immediate relief, provided by the ADA, as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

25. Defendants have discriminated against the Plaintiff by denying her access to full and equal enjoyment of the services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered services, facilities, privileges, advantages

or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

26. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

27. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

28. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel, who is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

29. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants, alter Speedee Mart Shell, to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities, as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

30. Without enforcement pursuant to 42 U.S.C. § 12188, the Plaintiff and others, similarly situated, shall continue to be discriminated against.

**WHEREFORE,** Plaintiff respectfully requests:

    a. The Court issue a Declaratory Judgment that determines that the Defendants, at the commencement of the subject lawsuit, are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

    b. Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures , when such modifications are necessary to afford all offered services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

    c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

    d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: October 25, 2016                Respectfully submitted: Judie Brandy, Plaintiff

By: _____
David J. Reed #2324345
Jorgenson, Reed & VandenBosch, LLC
209 S. 19th St., STE 475
Omaha, NE 68102
(402) 916-5858
(402) 507-5764 – Facsimile
dreed@nebraskaslawfirm.com