IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUDIE BRANDY, Individually;<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SPEEDEE MART SHELL, DANCO VALENTINE S, LLC, and JOHN DOE 1 and 2 INCLUSIVE;<br><br>　　　　　Defendants. | 8:16CV483<br><br>MEMORANDUM AND ORDER |

　　　　This matter is before the court on defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). Filing No. 16. This case involves an action brought under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 ("ADA"). This provision requires businesses of public accommodation falling under the authority of the aforementioned statute to remove barriers to persons with disabilities. Plaintiff requests a declaratory judgment stating defendants are in violation of Title III of the ADA, 42 U.S.C. § 12181; injunctive relief against the defendants ordering modifications be made to the defendants' facility to comply with the ADA; and attorney's fees, costs, and litigation expenses. Filing No. 1. Defendants have filed a motion to dismiss plaintiff's Complaint for lack of subject-matter jurisdiction on grounds of mootness and standing. Additionally, defendants contend that plaintiff is not entitled to attorney's fees because plaintiff is not a prevailing party under the ADA. Filing No. 16.

　　　　**STANDARD OF REVIEW**

　　　　Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 n.3. (2007). "Specific facts are not

necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). In order to survive a motion to dismiss under, Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Courts follow a "two-pronged approach" to evaluate Rule 12(b)(6) challenges. *Id.* First, a court divides the allegations between factual and legal allegations; factual allegations should be accepted as true, but legal allegations should be disregarded. *Id.* Second, the factual allegations must be parsed for facial plausibility. *Id.*

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (stating that the plausibility standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully.). The court must find enough factual matter (taken as true) to suggest that

discovery will reveal evidence of the elements of the claim. *Twombly*, 550 U.S. at 558, 556. When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6). *Twombly*, 550 U.S. at 558; *Iqbal*, 556 U.S. at 679.

"Mootness and standing are questions of subject matter jurisdiction." *Doe v. Nixon*, 716 F.3d 1041, 1047 (8th Cir. 2013). "In a facial challenge to jurisdiction, the court presumes all of the factual allegations concerning jurisdiction to be true and will grant the motion only if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Young America Corp. v. Affiliated Comp. Servs.*, 424 F.3d 840, 843-844 (8th Cir. 2005) (citing *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993)). The court has wide discretion as to how it determines its jurisdiction. *Johnson v. United States*, 534 F.3d 958, 964 (8th Cir. 2008) (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)) (quotations omitted). "In a factual . . . there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990). "In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* It is the plaintiff's burden to prove the existence of jurisdiction. *Id.* However, the heavy burden of proving mootness falls to the party putting forth the argument that the case is moot. *Kennedy Bldg. Assocs. v. Viacom, Inc.*, 375 F.3d 731, 745 (8th Cir. 2004) (citing *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S. Ct. 1379, 59 L.Ed.2d. 642 (1979)). "Once the evidence is submitted, the district court must decide the jurisdictional issue, not simply

3

rule that there is or is not enough evidence to have a trial on the issue." *Osborn*, 918 F.2d at 730.

**BACKGROUND**

Judie Brandy alleges that on January 20, 2016, she tried to enter the defendant Speedee Mart Shell's premises "to utilize goods and/or services" defendants offered. Filing No. 1, at 2. Brandy is a 62-year-old female who is disabled and has limited mobility. Brandy attempted to enter the facility but was hindered in doing so because "[the facility] failed to comply with federal ADA Access Guidelines For Building and Facilities." Filing No. 1, at 2. On October 25, 2016, Brandy filed a Complaint alleging that she had difficulty entering and utilizing the facility because defendants failed to comply with the following ADA Access Guidelines for Building and Facilities ("ADAAG"):

> a. Designated Disabled "VAN ACCESSIBLE" Parking Space (ADAAG 4.1.2(5)(b))
> b. Designated Disabled "VAN ACCESSIBLE" Parking Space – Width (ADAAG 4.1.2(5)(b))
> c. Designated Disabled "VAN ACCESSIBLE" Parking Space – Length (ADAAG 4.1.2(5)(b))
> d. Designated Disabled "VAN ACCESSIBLE" Parking Space – Signage (ADAAG 4.1.2(5)(b))

Filing No. 1, at 2.

Brandy further alleges that the barriers she has experienced at the defendants' property have discriminated against her due to her disability and are hazardous to her safety, and that she will continue to be discriminated against because of these barriers. Accordingly, Brandy claims defendants violated 42 U.S.C. § 12181 and 28 C.F.R. § 36.302. Filing No. 1, at 4. As a result, Brandy is requesting declaratory judgment that defendants are in violation of § 12181, injunctive relief against defendants pursuant to 42 U.S.C. § 12181, and attorney's fees, costs, and litigation expenses under 42 U.S.C.

§ 12205. Filing No. 1, at 6. Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) alleging Brandy's claim is moot, that Brandy lacks standing to bring suit, and that she is not entitled to attorney's fees. Filing No. 16. Parties have filed briefs in support and in opposition.

**DISCUSSION**

*I. Mootness*

In order for the exercise of the judicial power under Article III of the Constitution, there must be an actual case or controversy in existence. Preiser v. Newkirk, 422 U.S. 395, 401 (1975). "The usual rule in federal cases is that an actual controversy must exist at all stages of review, and not simply at the date the action is initiated." Associated Gen. Contractors of Minnesota v. Int'l Union of Operating Engineers Twin City Local No. 49, 519 F.2d 269, 271 (8th Cir. 1975) (citing Doe v. Poelker, 497 F.2d 1063, 1067 (8th Cir. 1974)). "A case becomes moot – and therefore no longer a 'Case' or 'Controversy' for purposes of Article III – 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" Already, LLC v. Nike, Inc., 133 S. Ct. 721, 726, (2013) (quoting Murphy v. Hunt, 455 U.S. 478, 481, 102 S. Ct. 1181, 71 L.Ed.2d 353 (1982)) (per curiam) (internal quotations omitted).

Moreover, the case is considered moot "[i]f circumstances change over the course of litigation so that the issues in the case lose their life and a federal court can no longer grant effective relief . . ." *In re Search Warrants Issued in Connection with Investigation of S. Cent. Career Ctr., W. Plains, Mo.,* 487 F.3d 1190, 1192 (8th Cir. 2007) (citing *Beck v. Missouri State High School Activities Ass'n,* 18 F.3d 604, 605 (8th Cir. 1994)) (per curiam). However, the defendant merely stopping the unlawful conduct

5

does not make a claim moot. *City of Mesquite v. Aladdin's Castle, Inc.,* 455 U.S. 283, 289, (1982) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 632, [73 S. Ct. 894, 897, 97 L.Ed. 1303] (1953)). In order for a case to be rendered moot following the defendant's voluntary cessation of the alleged unlawful conduct, the defendant has the "formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not be reasonable expected to recur." *Already, LLC,* 133 S. Ct. at 727 (quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TCO), Inc.,* 528 U.S. 167, 190, 120 S. Ct. 693, 145 L.Ed.2d 610 (2000)).

Defendant Speedee Mart Shell has satisfied the burden required of it and has provided the court with sufficient information that renders Brandy's claim moot. Brandy alleges that the defendants were violating Title III of the ADA because the parking lot of defendant Speedee Mart Shell did not include a designated disabled van accessible parking space in accordance with ADAAG 4.1.2(5)(b). Filing No. 1, at 2. After the commencement of this suit, defendant Speedee Mart created a parking space that "exceeds [the] requirements and is intended to remain permanently." Filing No. 17, at 4. To support this, defendants submitted a sworn declaration of the retail supervisor of the Speedee Mart, which states that on or about December 20, 2016, a parking space was created to comply with the requirements of the ADAAG. Filing No. 17-1, at 1. Specifically, the declaration states:

> [The parking space] is 24 feet long, 144 inches wide, and has a 96-inch wide access aisle. There is no limit to the vertical clearance. A sign was installed that marks the designated parking space. The bottom of the sign is more than 60 inches from the ground and contains the designation "van accessible."

Filing No. 17-1, at 1-2.

Additionally, the declaration makes clear that the van accessible parking space is of a permanent nature. Filing No. 17-1, at 2. This evidence indicates that circumstances have changed during the course of this litigation, and this court is satisfied that the violations allegedly committed by defendants have been remedied and are not reasonably expected to recur. *See* Stewart v. Popeye's Chicken, 2017 WL 149959, at *4 (D. Neb. Jan. 13, 2017) (finding defendants had remedied a Title III ADA violation after providing a declaration showing they had created a van accessible parking space, and therefore, holding the defendants' requests for declaratory and injunctive relief moot). Accordingly, Brandy's claim is not a live case or controversy and therefore, her request for declaratory and injunctive relief is considered moot.

*II. Standing*

Defendants also argue that Brandy does not have standing to sue because the injury she claims is unlikely to be redressed by a favorable decision from this court. Filing No. 17, at 4. This court agrees.

If a plaintiff lacks standing, the district court has no subject-matter jurisdiction, and therefore, Rule 12(b)(1) is implicated. Faibisch v. Univ. of Minnesota, 304 F.3d 797, 801 (8th Cir. 2002) (citing Friedmann v. Sheldon Cmty. Sch. Dist., 995 F.2d 802 (8th Cir. 1993)). For a plaintiff to have standing to bring a claim, they must prove that they: 1) suffered an injury-in-fact 2) the injury and the challenged conduct must be causally related, and 3) the injury is likely to be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Brandy contends that the defendants' mere assertion that the ADA violations have been remedied should not preclude this court from determining that there is still an injury and, that, a favorable

7

decision would redress the injury.  Filing No. 22, at 4.  Furthermore, Brandy claims that because she has claimed other unidentified violations in her Complaint and that an inspection is needed to identify these unknown violations, "an actual controversy still exists as to whether there is an injury" and that the injury would be redressed with a favorable decision.  Filing No. 22, at 4.  This court disagrees.  The defendants have submitted evidence, including a sworn declaration, that the violations alleged by Brandy have been remedied and brought into compliance with the ADA and the ADAAG. Therefore, there is no existing injury likely to be redressed in a favorable way.

Additionally, Brandy only identifies one barrier in the Complaint: the "Designated Disabled "VAN ACCESSIBLE" Parking Space."  She does not specify any other barriers. Brandy merely states that "[t]he discriminatory violations described herein are not an exclusive list of the Defendants' ADA violations" and that she needs to inspect defendants' business to "photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access."  Filing No. 1, at 4.  Although Brandy " need not engage in the futile gesture of visiting a building containing known barriers that the owner has no intention of remedying, [she] must at least prove knowledge of the barriers and that [she] would visit the building in the imminent future but for those barriers." Steger v. Franco, Inc., 228 F.3d 889, 892 (8th Cir. 2000) (internal quotations omitted).  Brandy has not proven this knowledge with the conclusory statement contained in paragraph 22 of the Complaint that the identified barrier in the Complaint is not the exclusive barrier.  Filing No. 1, at 4.  *See* Disability Support Alliance v. Geller Family Ltd. P'ship III, 160 F. Supp.3d 1133, 1138 (D. Minn. 2016) (stating that *Steger* did not confer standing on plaintiffs to conduct a site inspection so that they could

demand removal of barriers they discovered during the inspection). Therefore, because Brandy's injury would not be redressed by a favorable decision of this court, she lacks standing to sue and there is no live case or controversy for purposes of Article III jurisdiction.

### III. Attorney's Fees

Finally, Brandy argues that she is entitled to attorney's fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205. The court disagrees. A district court is given discretion in awarding a reasonable attorney's fee to the prevailing party under § 12205. 42 U.S.C. § 12205. While Brandy's case may have been the catalyst for defendants' remedying any alleged violations of the ADA and the ADAAG, it does not necessarily make her a "prevailing party" for the purposes of receiving attorney's fees under § 12205. *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001). The Court held that "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change" in the legal relationship between the defendants and the plaintiff in order for a "prevailing party" to receive attorney's fees. *Id. See e.g.*, *Stewart v. Popeye's Chicken,* 2017 WL 149959, at *4 (D. Neb. Jan. 13, 2017) (denying attorney's fees to plaintiff's deemed moot where defendant voluntarily ceased alleged ADA violations); *Tyler v. Salazar*, No. CIV. 10-1161 JNE/LIB, 2012 WL 3113866, at *3 (D. Minn. June 27, 2012) (stating that *Buckhannon* rejected awarding attorney's fees under the "catalyst theory" for claims made pursuant to the ADA). There was no such change in the legal relationship between defendants and Brandy due to the defendants' voluntary actions in creating an

9

ADA and ADAAG-compliant parking space. Therefore, Brandy's request for attorney's fees pursuant to § 12205 is denied.[1]

THEREFORE, IT IS ORDERED THAT:

1. Defendants' motion to dismiss, Filing No. 16, is granted.

2. A separate judgment will be entered in accordance with the memorandum and order.

Dated this 3rd day of May, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

[1] The Court notes there might be certain circumstances that permit awarding attorney fees pursuant to a theory of equitable estoppel. However, in this case, *Buckhannon* does not permit such an award. The Court notes, however, that the dissent in *Buckhannon* articulates a very sensible analysis.